IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT WALL and<br>LINDA WALL<br><br>v.<br><br>ALTIUM GROUP, LLC | : CIVIL ACTION<br>:<br>:<br>:<br>: NO. 16-1044<br>: |

KEARNEY, J.                                                                                                          May 10, 2017

## MEMORANDUM

Contracts signed by investors allowing a financial company to invest their money often allow an investor winning a breach of contract dispute to seek reimbursement for court costs and reasonable attorney's fees incurred in enforcing the contract. When they want to bring a breach of contract claim, the same investors may then sign a contract hiring a lawyer to bring the breach of contract claim against the money management firm and agreeing to pay a contingency fee upon recovery. As a matter of contract law, we strictly enforce the investors' agreements with their money management company and then their lawyers.

Today, we address these two agreements signed by the investors: first with their money management company and then a retainer agreement with their lawyers. On March 28, 2017, we granted summary judgment to the investors on their breach of contract claim against their money managers on a restitution basis. They now move for prejudgment interest on this restitution award. They also seek an award of reasonable attorney's fees and costs under their retainer agreement which provides only one payment obligation: upon winning a recovery, the attorneys' recovery is limited to one third of the recovery. We affirm the right to attorney's fees and prejudgment interest under the two agreements.

I.      Facts

Robert and Linda Wall purchased structured annuities from personal injury victims as an investment strategy. On November 8, 2011, the Walls and Altium Group LLC signed a "Master Structured Settlement Receivable Purchase and Sale Agreement and Non-Circumvention Agreement" ("Agreement") to purchase an annuity. The Agreement provides for attorneys' fees. "In any action to enforce this Agreement, the prevailing party shall be awarded all...court costs and reasonable attorney's fees incurred."[1] The Walls are entitled to recover attorneys' fees for enforcing its Agreement with Altium.

Due to underlying fraud with the personal injury victim, Altium could no longer provide the Walls' the annuity payment streams. Altium did not pay back the money to the Walls.

The Walls then retained the lawyers employed by The Chiacchio Firm to represent them in their breach of contract claim against Altium. Under their June 27, 2014 retainer agreement, the Walls paid a $15,000 non-refundable retainer and the attorneys are thereafter entitled to 33% of the Walls' recovery.

On March 28, 2017, we granted summary judgment to the Walls on their breach of contract claim against Altium representing the restitution amount of $152,833.37. On April 18, 2017, we amended judgment to $102,833.37 to reflect amounts the Walls received from other settling parties. The Walls now move for an award of attorneys' fees, costs, and prejudgment interest under the Agreement.

II.     **The Walls are entitled to recover reasonable attorneys' fees.**

The governing New Jersey law "disfavors the shifting of attorneys' fees."[2] New Jersey law does, however, allow a prevailing party to recover attorneys' fees if the fees are "expressly

provided for" by the parties' contract.³ In line with New Jersey law's disfavor of attorneys' fees, we "strictly construe" an agreement to pay opposing party's attorneys' fees.⁴

Altium object to the Walls recovery of attorneys' fees because the Walls offer no evidence of "fees actually incurred."⁵ In his reply, Attorney Chiacchio declares the "fee agreement with [the Walls] consisted of a $15,000 non-refundable payment, and that payment is credited against a 33% contingency.⁶ New Jersey courts allow the prevailing party to recover attorneys' fees where the prevailing party has a contingency agreement and even where the prevailing party is not obligated to pay its attorneys' fees.⁷

We overrule Altium's objection. The Walls are entitled to recover attorneys' fees incurred under the Agreement. Their attorney's fees incurred are defined by the retainer agreement with The Chiacchio Firm.

**III. We award attorneys' fees under the retainer agreement.**

In the retainer agreement, the Walls and their attorneys agreed to a contingency fee arrangement. The Walls paid The Chiacchio Firm a non-refundable $15,000 retainer fee and the attorneys are entitled to "33% of any recovery, less a credit, against the contingent fee, of the initial $15,000 retainer advanced by you." The parties agreed The Chiacchio Firm attorneys would recover 33% of the Walls' recovery. The retainer agreement does not contemplate the possibility of recovering higher attorneys' fees under the Agreement.

In *Specialized Medical*, an attorney represented a plaintiff on a contingency agreement in the contract dispute. In the retainer agreement, the parties agreed the attorney would be paid a third of the recovery and defend the counterclaim for free.⁸ Plaintiff then sought to recover attorneys' fees under the parties' contract provision for attorneys' fees.⁹ The New Jersey Superior Court held "where the retainer agreement contemplates the possibility of recovery of

counsel fees in lieu of payment from the client, counsel may endeavor to collect them even though the client may not be obligated for the entire amount."[10]

The Walls' retainer agreement does not contemplate the recovery of attorneys' fees from any source other than 33% of the Walls' recovery. There is no basis to find the Walls owe any fees other than the contract terms in the retainer agreement. They incurred an obligation to pay 33% of their recovery to The Chiacchio Firm. The attorneys' fee award is limited to 33% of $102,833.37 from Altium totaling $33,935.01.[11] The Chiacchio Firm cannot receive fees absent a contractual right. They elected not to include the more expansive language in *Specialized Medical*. The lawyers could have included fee language, often seen in fee shifting cases, allowing them to recover the greater of a percentage of recovery or the amount of court-awarded fees under the Agreement. We cannot compel Altium to reimburse attorney's fee which the Walls do not owe to their lawyers. Instead, Altium must pay $33,935.01 in attorneys' fees.

**IV.   We award court costs under the Agreement with Altium.**

The Walls request costs of $4,309.03 for court filing fees, court reporting services, investigative services, and counsel's travel from Philadelphia to Pittsburgh. The Agreement states the "prevailing party shall be awarded all...court costs and reasonable attorney's fees incurred."[12]

Altium objects to the award of costs except the Mercer County filing fees because the parties only agreed to "court costs." We agree. The Agreement specifies reasonable attorneys' fees and court costs only. Under New Jersey law, we must strictly construe attorneys' fee provisions.

The Walls argue our Court of Appeals allow non-local counsel to recover travel costs. In *Interfaith*, the district court awarded costs of travel and travel time under a federal statute

which allowed the court to "award costs of litigation (including reasonable attorney and expert witness fees)."[13] The Walls' recovery is not based on a statutory fee shifting provision. Instead, they agreed to limit recovery for contract enforcement action to two items, attorneys' fees and court costs. We deduct attorneys' additional costs and award the undisputed court costs of $478.50.

**V.    We award pre-judgment interest on the Judgment since the April 1, 2014 Demand.**

The parties dispute whether prejudgment interest should be awarded on Pennsylvania law as a procedural matter or under New Jersey law as a substantive matter. Under New Jersey law, prejudgment interest is a procedural matter because the New Jersey court will apply New Jersey prejudgment interest law "'even when a different state's substantive law must govern' the dispute."[14] We apply the substantive law of New Jersey but the procedural rules of the Western District of Pennsylvania. Because New Jersey law views prejudgment interest as a procedural matter, we apply Pennsylvania's prejudgment interest rate. We award prejudgment interest from April 1, 2014[15] at 6% under 41 P.S. § 202 totaling $18,831.18.

**VI.   Conclusion**

We grant the Walls' petition for attorneys' fees in part. We award attorneys' fees and court costs under the Agreement. Under the retainer agreement, the Walls are entitled to fees equal to their contractual obligation of 33% of the recovery. We award $33,935.01 in attorneys' fees. We award $478.50 in court costs under the Agreement and we award $18,831.18 in prejudgment interest.

---

[1] ECF Doc. No. 81 at 9.

[2] *Litton Industries, Inc. v. IMO Industries, Inc.*, 982 A.2d 420, 427 (N.J. 2009) (citing *N. Bergen Rex Transp., Inc. v. Trailer Leasing Co.*, 730 A.2d 843, 848 (N.J. 2009)).

5

[3] *Id.* (citing *Packard-Bamberger & Co., Inc. v. Collier*, 771 A.2d 1192, 1202 (N.J. 2001)).

[4] *Id.* (citing *N. Bergen*, 730 A.2d at 848).

[5] ECF Doc. No. 105 at 7.

[6] ECF Doc. No. 106 at 21 ¶ 10.

[7] *See Specialized Medical Systems, Inc. v. Lemmerling*, 599 A.2d 578, 581 (N.J. App. 1991) (in a contract allowing prevailing party to recover attorneys' fees where counsel agreed "to represent plaintiff on a contingency of one-third of plaintiff's recovery under the complaint and to defend the counterclaim without a charge"); *see also Illinois Nat. Ins. Co. v. Wyndam Worldwide Operations, Inc.*, No. 09-1724, 2011 WL 1078006 at *2 (D.N.J. March 21, 2011) (the district court surveyed cases noting "New Jersey law generally does not require, as a condition precedent to an award of attorneys' fees, that the prevailing party actually paid for the attorneys' fees incurred during the course of litigation" and held defendant can recovery attorneys' fees even when it does not fund its own defense.).

[8] *Specialized Medical*, 599 A.2d 581.

[9] *Id.*

[10] *Id.*

[11] The Walls' request $158,000 in attorneys' fees from Altium. Using this lodestar as a comparator, an award of $33,935.01 in attorneys' fees under the contingency agreement is reasonable.

[12] ECF Doc. No. 81 at 9.

[13] *Interfaith*, 426 F.3d at 701.

[14] *Kerns v. Logicworks Systems Corp.*, No. 12-4146, 2015 WL 4548733 at *2 (D.N.J. July 28, 2015) (quoting *N. Bergen*, 730 A.2d at 848).

[15] The Walls issued their first demand against Altium for the return of their investment under the Agreement on April 1, 2014.