IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT WALL and<br>LINDA WALL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 16-1044 |
| ALTIUM GROUP, LLC | : | |

## ORDER

**AND NOW**, this 26th day of October 2017, upon considering Attorney Michael J. Betts and Post & Schell, P.C.'s Motion for Withdraw of Appearance (ECF Doc. No. 118), it is **ORDERED** the Motion (ECF Doc. No. 118) is **GRANTED** and Attorney Michael J. Betts's appearance is withdrawn.[1]

_____
KEARNEY, J.

---

[1] An attorney is entitled to withdraw when he "no longer serves a meaningful purpose (including in a case no longer before us)" including in a case on appeal before the Third Circuit Court of Appeals. *Ohntrup v. Makina Ve Kimpya Endustrisi Kurumu*, 760 F.3d 290, 295 (3d Cir. 2014); *see also Buschmeier v. G&G Investments, Inc.*, 222 Fed. Appx. 160, 163 (3d Cir. 2007) (citing *Ohntrup v. Firearms Ctr., Inc.*, 802 F.2d 676, 679 (3d Cir. 1986)) (permitting a law firm to withdraw and leave a corporation unrepresented where the withdrawing law firm "serves no meaningful purpose). Once an attorney shows he serves no meaningful purpose, we review whether the attorney's withdraw satisfies our local rules. *See Ohntrup*, 760 F.3d at 295 ("By requiring "leave of court" before an attorney may withdraw, the local rules commit the decision on attorney withdrawal to the discretion of the district court. And that discretion is not governed by any 'meaningful purpose' test").

Our Local Rule 83.2(C)(4) requires a withdrawing attorney provide the name and address of the succeeding counsel and if the client does not sign approving the withdraw the attorney must state "why, after due diligence, the attorney was unable to obtain the client's signature." The withdrawing attorney provided the successor attorney's name and address and represented he requested the successor attorney to enter his appearance on October 10, 2017. ECF Doc. No. 118, ¶ 7. Withdrawing counsel also represents the client failed to pay him and he provided no

legal service to the client since June 8, 2017 besides transferring case materials to new counsel. *Id.* at ¶ 5. Local Rule 83.2 also requires an attorney's withdraw comply with Pa. R. Prof. Conduct 1.16 which allows an attorney the option to withdraw "without material adverse effect on the client's interest."

The attorney's withdraw of appearance would not have a material adverse effect on Altium's interest because it is represented by successor counsel on appeal, he transferred all case materials to successor counsel on appeal and there is no meaningful purpose to serving as counsel in this Court. Should this matter return to the Court, Altium will not be able to proceed without representation. *See Buschmeier*, 222. Fed. Appx. at 162 (internal citations omitted) ("As a general rule, if a [entity] is to be represented in court, this representation must be made through counsel").